# FRANK D. SHAFER

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed September 10, 1889.*

WATERS—*damages to land by construction of dam by State.* In order to entitle a claimant to an award against the State for damages to land caused by the construction of a dam by the State, the proof should be clear and unequivocal as to the damage sustained and what appears to be merely speculative should be rejected.

The claimant in this case filed his claim against the State of Illinois with the Auditor of Public Accounts on the 20th day of October, A. D. 1879.

The petition filed with his claim states in substance that on the 20th day of October, A. D. 1877, and before and since that time he was the owner of lot one of fractional south half of section thirteen in township thirty, north of range three, west of the 3d P. M., in Marshall County, Illinois, containing 85 and 54-100 acres.

That said land is situated in the bottoms and low lands bordering upon the Illinois river, subject to inundation from floods and high water in said river; that during the months of May to October inclusive of each year, said river is usually at or near "low water mark" and the lands above described left dry yielding crops of grass for hay and pasturage and when under cultivation, crops of corn.

That in the month of October, 1877, a dam was constructed across the Illinois river near Copperas Creek by virtue of the authority of the State of Illinois; that the dam raises the water at Copperas Creek six and one-half feet thereby raising the level of the water in the river opposite claimant's land between two and three feet higher than it would be but for said dam. That the summer freshets which only raised the river two or three feet which did not affect his land, since building said dam, raised the water four and one-half to six feet; thereby the land of claimant became water

soaked, soft and spongy and rendered the same unproductive, liable to frequent destructive overflows and will so remain forever; that this land has been damaged two hundred and fifty dollars.

The proof taken shows that prior to October, 1877, the State of Illinois had constructed a dam substantially as stated in the petition, that was finally closed on the 21st day of October, 1877, causing a raise in the level of the water in the river adjoining claimant's land between two and three feet, which always continues; this is shown not only by the evidence taken by the claimant but by the report of Robert Wilson a civil engineer appointed by the Commission of Claims in 1882 to specially examine these lands and to ascertain the effect of the building of this dam, upon the lands of various claimants.

It appears from the evidence that nearly, or quite, one-third of the tract described is "up-land" above high water mark; at the foot of these high lands where the same joins the bottom or low lands, the ground was naturally wet and boggy; the remainder of the land could not have ever been very good land; yet the evidence tends to prove that by the construction of this dam and the raising of the level of the water in the river, a part of this land has been to some extent injured and damaged. The exact amount of damages sustained is not readily ascertainable from this evidence. While the State had an undoubted right to make the improvement by constructing a dam in a stream like the Illinois river, if in so doing the lands of persons adjoining the river, were permanently injured, the State ought, at least, in equity, to make such compensation as the proof shows clearly to have been sustained.

We think in this class of cases that in order to entitle the claimant to an award against the State the proof ought to be clear and unequivocal as to the damage sustained and what appears to be merely speculative ought to be rejected.

Our conclusion is that the land of claimant described has been damaged one hundred dollars ($100.00) and that he is entitled to an award against the State for that amount.